UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND SMITH,                                              Case No. 1:05-CV-248

       Petitioner,                                         Hon. Richard Alan Enslen

v.

KENNETH McKEE,
                                   **OPINION**
       Respondent.             /

      This matter is before the Court on Petitioner Raymond Smith's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 19, 2007 ("Report"), which recommended denial of Petitioner's Petition for Writ of Habeas Corpus. This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Petitioner was convicted by a jury of first degree felony murder. On February 5, 2001, Petitioner was sentenced to a mandatory life term of imprisonment without the possibility of parole. Petitioner appealed his conviction to the Michigan Court of Appeals and argued the same four issues that are raised in his application for habeas relief.[1] The Michigan Court of Appeals rejected all of Petitioner's arguments and affirmed his conviction in an unpublished opinion on June 26, 2003. Petitioner sought leave to appeal to the Michigan Supreme Court on the same grounds, which was

---

[1] Petitioner's four grounds for relief are: (1) his statements were involuntarily made due to the severe mistreatment he sustained by officers during his incarceration in Louisiana; (2) he was denied his due process right to a fair trial, where the trial court ruled, that other acts evidence was admissible and defense counsel was ineffective in signing a stipulation regarding prior bad acts evidence; (3) his felony murder conviction must be reversed because the prosecution failed to produce sufficient evidence to prove beyond a reasonable doubt that Petitioner was subjectively aware that death or great bodily harm was almost certain to follow from his actions, in violation of due process of law; (4) he was denied his due process right to a fair trial where the prosecutor elicited evidence regarding Officer Powe's religious beliefs.

denied on December 30, 2003, for the reason that it was not persuaded that the questions presented should be reviewed.

Petitioner raises three objections to the Report: (1) the Magistrate Judge erred in finding Petitioner's statements to Grand Rapids Police on March 30 and 31 were not coerced and the Magistrate Judge erred in holding there was no casual connection between abuse in LaSalle Parish jail and Petitioner's subsequent statements; (2) the Magistrate Judge erred in finding Petitioner's trial counsel was not constitutionally defective; and (3) Petitioner generally renews all of his previous arguments.

Petitioner contends the Magistrate Judged erred in holding his statements to Grand Rapids Police on March 30 and 31 were not coerced and there was no causal connection between his abuse at the LaSalle Parish jail and those statements. Petitioner recites the same factors which weigh in favor of involuntariness that the Magistrate Judge and the Michigan Court of Appeals considered; the length of Petitioner's detention before his statements were given, a delay in bringing before a magistrate, and the protracted nature of Petitioner's questioning on March 30.

Despite Petitioner's request that this Court find his statements were coerced, the inquiry the Court must make is whether the Michigan Court of Appeals' determination that Petitioner's confession was voluntary was a reasonable application of federal law. As the Magistrate Judge correctly stated, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curium). Here, there were factors which weighed in favor of finding the statements voluntary including Petitioner's age, his experience with the criminal justice system, and that Petitioner was advised of his *Miranda* rights. Further, as the Magistrate

Judge accurately concluded, "[t]he fact that Petitioner did not immediately confess on March 30 suggests that the abusive treatment he received more than a week earlier at the LaSalle Parish jail was not a crucial motivating factor in his decision to confess," and, therefore, no causal connection can be established by Petitioner. (Report, 22.) Accordingly, pursuant to the deference required under the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 , this Court cannot find the Michigan Court of Appeals decision, holding Petitioner's confession was voluntary, was an unreasonable application of federal law when it was based on the totality of the circumstances and factors weighed in favor of voluntariness. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (holding the Court looks to the totality of the circumstances surrounding the confession to determine if defendant's will is overborne.); *see also McCalvin v. Yukins*, 444 F.3d 713, 719-20 (6th Cir. 2006). Accordingly, Petitioner's objection is denied.

Petitioner further objects to the Report's finding that his right to effective assistance of counsel was not denied. Specifically, Petitioner renews his argument that his Sixth Amendment right to effective assistance of counsel was denied where defense counsel signed a stipulation under which the prosecutor agreed not to offer Petitioner's pervious criminal record (bad acts evidence) in exchange for defense counsel's agreement not to argue Petitioner's statements to police had been coerced.

In order to show ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Petitioner so as to result in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Id.* at 690. Further, Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id*. at 689 (citations omitted).

     After review, the Court finds that the Michigan Court of Appeals did not unreasonably apply *Strickland* in considering if Petitioner's counsel rendered constitutionally deficient performance. The trial court had previously held Petitioner's statements from March were admissible and the bad acts evidence against Petitioner was also admissible, which included serious charges such as carjacking and eluding police. Therefore, in the face of such daunting evidence and the knowledge that while he could argue the confession was coerced, he could not keep the jury from hearing it – such a stipulation comes within the ambit of trial strategy. *Id*. at 690. Petitioner has offered no real argument which can overcome this presumption. Therefore, the Michigan Court of Appeals did not unreasonably apply *Strickland* and Petitioner's objection is without merit.

     Petitioner objects to the rest of the Report and renews his previous arguments. After a review of the record, this Court finds all of Petitioner's arguments were addressed fully and correctly in the Report and therefore, will adopt the Report's analysis here.

     Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims

must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

Therefore, for the reasons stated in the Report and this Opinion, the Court will deny Petitioner's Objections, adopt the Report and Recommendation, and deny Petitioner's Petition for Writ of Habeas Corpus. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
March 26, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE